Good morning. Please be seated. I'm glad you all had lots of practice standing up and sitting down this morning. We're here to hear the in-bank argument in the consolidated cases of Romo v. Teva and Korba v. Xanadai Pharmaceuticals. Counsel, ready to proceed? Are you going to divide your time? No, Your Honor. I will be arguing for the appellants, but Michael Suffren, who represents Xanadai, is here in case there are any case-specific questions that the panel has, that the Court has for him. You may proceed. Chief Judge Kaczynski, and may it please the Court, I'm Jay Lefkowitz representing the appellants, and I'd love to reserve five minutes for rebuttal. Good luck. Thank you. When the plaintiffs proposed to have one judge hear all of the actions for all purposes, they claimed it was necessary to ensure uniformity and consistency on a range of issues, including things like allocation of fault and contribution and even the amount of punitive damages. That's on pages ER 176 and 177 in their petition. These are issues that are certainly not limited solely to the pretrial phase, and as Judge Gould explained in his dissenting opinion, those issues could only be addressed through some form of a joint trial. And given the language in the petition, the express language in the petition, as well as the backdrop of the statute. For those of us who are not that familiar with, well, just for me then, with California practice on consolidation, the case is assigned to a single judge under the California procedure, and the judge then enters a series of rulings of various kinds, discovery, whatever the rulings are. And how does the appeal process work at that point, and what happens if the cases are then sent back for trial? You're familiar with the federal procedure where we do all the discovery in consolidated proceedings, but then under lexicon the case gets sent back for trial. Are all those rulings then binding on the respective other courts if the case gets sent back? So let me, I'd love to answer. There are a few parts of the question which I think I can get out in 40 seconds. Like how do you appeal and when then is it binding? Sure. Just explain to me that. Absolutely. So first of all, we're not actually dealing with consolidation here, and that's important. We're dealing with something in California called coordination. Coordination. I used the wrong term. And what the California rules say is that immediately upon assignment as the coordination trial judge, two important things happen. One is, and this is 3.540B and 3.541B of the California rules, one is that the trial judge, the coordination judge, assumes all of the powers that the underlying initial judge has had, and two, that he must, and I'm quoting from the rule, assume an active role in all steps of the trial, including pretrial discovery and trial proceedings. So what happens Is that necessarily mean that all of the cases are combined for trial at that point? Well, what it means, Your Honor, and it's a good question, it means that he has the authority at that point to manage all aspects of the case. And in fact, he decides, in answer to Judge Kaczynski raised, which appellate court in California all of these issues will go to, and all of the rulings in these coordinated cases at that point, if they want to be appealed, go up to that one appellate court. And this ---- She said that, as Judge Gould had indicated, that it necessarily meant that there had to be a joint trial. So what in that language necessarily means that there has to be a joint trial? Well, thank you, Your Honor. I think it's, Judge Rawlinson, it's the language that necessarily ---- Mr. Rawlinson, could you finish answering my question? Absolutely, Your Honor. Go ahead and answer, Judge Rawlinson. But when you're done, I would like to know an answer to the question about whether it's binding when it goes to ---- Sure. And I think it's the same. Go ahead. It's largely the same answer. Questions that the plaintiffs in their petition specifically said require coordination in order to have uniformity are things that necessarily, as Judge Gould recognized, have to take place through the trial phase, like punitive damages, allocation of fault and contribution. These are, by definition, trial issues. And what happens, Your Honor, is when the judge makes those decisions in all of these cases, all of the parties or certainly all of their representative lawyers are present, and the judge can decide he wants, for example, to try an issue. These cases have lots of science issues. And they're binding. I understand. Let's say all that happens, there are various rulings, and at that point the judge says I don't feel like trying the case for whatever reason. I'm sending it back to Sonoma County or wherever to try. The case gets back there. Is the judge then who has the trial free to then reconsider the rulings, or are they binding? Well, Your Honor. A trial judge, of course, can reconsider his own rulings. So if a trial judge makes a ruling and then decides he's wrong in the same case, he can go back and reconsider it subject to the case of the law doctrine. No, Your Honor. If the judge, for example, makes a ruling that is for all of the cases, when he is supervising all of these cases, and then if he decides that within his power he's not going to try all hundred cases, he's going to try the first two or three bellwethers, and then if the case continues, some other judge may try others. Couldn't he decide? The issues that have been decided will still be binding in these other cases unless, of course, they're appealed. Isn't — I understood under the California case law and under the rules of court that he could try none of the cases. He could do all the discovery and so on. And then he'd say, but for trial, it's going back. Well, absolutely, Your Honor. And that's exactly, in a sense, the issue that the Vicendi Court in this — this court addressed where it said the issue that we focus on is what is being proposed. Obviously, in any case, even if I file 150 plaintiffs in one case in one complaint, the trial judge can have these cases tried separately. He might even farm them out to other judges. Counsel, I — This is on the proposal. I had a question about the relationship between the Federal statute and the California procedure, because one of the exceptions to the definition of mass action, it does not include an action in which the claims are coordinated solely for pretrial proceedings. And my question is whether under the California procedure, plaintiffs can ask for and judges can order that a case be coordinated solely for pretrial proceedings. So under the California law, which, of course, hasn't been modified or updated by the legislature since the enactment of CAFA, the only type of coordination, unlike consolidation, but the only type of coordination is a coordination for all purposes. So your answer to my question is no. It can't be coordinated solely for pretrial proceedings? That is correct, Your Honor. So what does that mean? Does that mean that in California this exception will never apply in your view? And do we have to agree with you on that in order for you to prevail in this case? Very good question, Your Honor. It does not have to — I don't have to convince you of that, because in this case we look at the petition itself. The prayer, the proposal is obviously the most operative fact here. And in the proposal, there's no indication whatsoever that this is solely for pretrial proceedings. My other question to you is whether there's any requirement in California procedure that a plaintiff in the position of these plaintiffs seek coordination. Is it a requirement or is it a permissive option that is up to the plaintiff to choose? It is entirely up to the plaintiff to choose whether or not to try to seek coordination. These cases were filed in counties all around the State, and there was no necessity for the plaintiff to choose to try to coordinate. It would help us all, and especially the folks who may be watching this remotely, if you didn't sway back and forth, if you kept in mind that you've got two microphones and if you just keep your voice between those two mics. Okay. I don't think you've noticed this. I know it's hard to stand up and look, but you've been swaying back and forth and that makes the sound go in and out. Thank you, Your Honor. Let me check. I didn't mean to interrupt. What's your single best authority for placing the onus on the plaintiffs to request solely just pretrial proceedings? Well, I think the language of the statute says that when you have a proposal to try a case jointly, that is removable. And then Congress says very clearly if the proposal or if what is actually granted is solely for pretrial, with respect to coordination or consolidation. So Congress understood. Congress understood, if I can just finish the question. What's the question? The question is for a case. You ask for a case and you give an answer that doesn't involve a case. What's your best case? Well, Your Honor. Did you hear the question? Yes.  Why don't you answer the question and you can then elaborate. The best case. Because I would like to know. I think that's a very good question. I would like to know the answer. What's your best case? Case starts with a name of a party or perhaps an NRA and then a V or something. Both Abbott in the Seventh Circuit and Atwell in the Eighth Circuit. But in Abbott, they specifically did ask for, there was a choice, a specific choice, and they asked for a consolidation for trial purposes. It's very specific language in Abbott. The language in Abbott was we want this case consolidated through trial. Now, remember, in Abbott, it was the same procedure as here, which is coordination. But it wasn't the same procedure because it specifically said that you could have pretrial, trial, or post-trial proceedings consolidated. This one, as I understand it, says it's consolidated for all purposes at the outset. But that doesn't mean that it stays consolidated for all purposes. As I understand it, once they get before a single judge, they could say to the judge, but they haven't had a chance to do it yet, this is what we really want. We want you to do all the discovery, and then we suggest that you parcel it out. Or the judge could do that on his own. Are both those things true? Those are certainly true, but that's not what the proposal here, Your Honor, is. The proposal here is for things that, as Judge Gould said, can only be achieved through some form of a joint trial. So the questions about allocation are questions that you would address in discovery. Isn't that true? Well, I think allocation of fault, contribution between the parties, punitive damages, punitive damages, California law. Those are not all issues for discovery? Punitive. The amount of punitive damages according to Haynes v. Parra, California Appellate 193. Don't you need to do discovery about the resources of the defendants in order to get an argument and argue that the defendants can pay it? To be sure, there are aspects that go into punitive damages that can take place pretrial, but the ultimate determination, and if the plaintiffs are concerned about inconsistent rulings on punitive damages, they have to have some form of a joint trial. Otherwise, they don't have to. Let me ask you this. Suppose you're right and the case does get removed to the district court, and then the district court judge decides he doesn't want to try them together. What happens then? If the case is coordinated, removed to the district court, and the district court decides he doesn't want to try them, if the parties agree, it's possible that the cases could then be sent to the Federal MDL, which already exists. The judge, the Federal judge, has a variety of tools at his disposal. What other tools? Could he send them back to State court? No. He couldn't send them back to State court if, under the statute, the cases became removable upon the proposal to try the case jointly. And if I may, just to follow up with Judge Kaczynski's question about the case, both in Atwell and in Abbott, the plaintiffs expressly said they don't want these cases consolidated. What they were asking for, and in fact, in Atwell, the very language was, we specifically said, and I'm quoting from the hearing, the motion hearing, we don't want these cases consolidated. They should not be consolidated. We're simply asking, Your Honor, to assign one judge to handle these cases for consistency of rulings and judicial economy. That's exactly what this proposal is requesting. But what if this proposal had said instead, we only ask for consolidation for pretrial matters? Would you then have the same position? I think, Your Honor, that that would be a very difficult question. It is a difficult question. It was meant to be a difficult question. Give it a yes or no answer. I think the answer is, I would think the proper answer under the statute, given that coordination in California is for all purposes, would be yes, it's removable. But I think you would have to ask, sir, a question, perhaps under California law, about what happens if a plaintiff expressly disclaims any coordination beyond pretrial. Yeah. It's hard to view that as a proposal for a joint trial, isn't it? That is true, Your Honor, and that's why I don't think you would have to go that far at all in order to rule in our favor here. So let me ask another question, because you keep saying a joint trial would necessarily follow from this motion. That's not what the statute requires, is it? The statute, all that the statute requires is there be a proposal for a joint trial. That's correct, Your Honor. The judge has, in this, it might not necessarily follow at all in this case. Absolutely. In this Court, in the Vicendi case and in the Shell Oil case, made very clear that when a case becomes removable by virtue of the proposal to try the case jointly, it's irrelevant whether ultimately it is tried jointly. But let me ask the question. It's not, you don't need to persuade us that a joint trial would necessarily follow. That is correct, Your Honor. We don't need to persuade us of what you characterize as Judge Gould's position in this. You just need to persuade us that they proposed a joint trial. In this case. That's correct. And what other, and is the language for all purposes sufficient in your view to propose a joint trial? I think it is sufficient to propose a joint trial when you say for all purposes, and when you're saying that and invoking a California rule that says under that rule Yes. But the California rule that you're invoking does not, in fact, necessarily entail a joint trial. But that, Your Honor, is exactly the point that Judge Hurwitz just addressed. So they're not proposing one. If you're proposing it for all purposes, because that's the language of the statute and the language says it's being coordinated for all purposes, coordinated. But that doesn't mean it's going to be a joint trial. We know that from the case law and from the rules of court, right? Yes, Your Honor. We know that when it's a court Why are they proposing a joint trial if they're simply proposing it being coordinated in the way the statute allows it to be coordinated? Because if you look at what they are specifically saying, and the reason is for the pre-trial range. So, therefore, we know that this proposal takes us outside of the exception or the proviso of solely for pre-trial. Counsel, do plaintiffs have a choice? Is 404 per se a request for joint trial? As I said, I think 404 is per se. But in this case, even if the Court doesn't want to take such a broad ruling, the Court can simply look at this petition, and this petition plainly goes beyond pre-trial. So don't we look at what the plaintiff intended? Because if you look at the plain language of CAFPA, it's to propose a trial. And I'm just wondering, does likelihood equal intent here? I think the best way to understand what the plaintiff's proposal was is to read the words of the proposal. And they gave justifications. If all they did You keep arguing likelihood, that it will likely result. And so it seems like that's your saying is the standard and not the proposal. No. I actually think this Court has said even if it isn't going to result, that's what the Court said in Vicende, even if it isn't going to result in a joint trial, if it's a proposal. But when I'm focusing on the things like punitive damages and allocation of full contribution, what I'm drawing the Court's attention to is a way of understanding the language that the plaintiffs actually used when they were proposing. Your answer would be different if the State scheme paralleled the Federal scheme, the Federal MDL scheme? I think if the You're familiar with the Federal MDL scheme? Yes, I am, Your Honor. And your answer would be different, right? I think it might. Yes. I think then the Court would really have to balance the different issues that were raised in the petition. But there's no balancing. Correct. There's no balancing because under the Federal scheme, you cannot have a joint trial. MDL panel sends it for pretrial discovery. That's a lesson of lexicon. Right. Remember? If this were in the Federal court or if this were in the It has to go back for separate trials in separate districts. Correct. In the Federal system. So the answer would be different, right? There would be a different result, in your view. It would be a different result. And there are some States like Texas Under the State scheme, if the plaintiff takes a case and it's accepted, which I gather it is, can the plaintiff say to the judge, no, don't try it, and so force the judge not to do it, or is it up to the judge? It is entirely up to the judge. Once California's judicial counsel takes a petition for coordination and grants it, it authorizes that judge to play an active role in all aspects of the case, including the trial. And regardless of what the plaintiffs ask for? Suppose if the plaintiffs were very clever and they petitioned, citing the language in the CAFA exception, of coordination solely for pretrial proceedings. Under Civil Procedure Code 404.1, once that coordination petition was granted, could the coordination judge nonetheless say, I'm hanging on to this case all the way through trial? I don't know that that petition could be granted. I think that would be a defective petition. I'm suggesting the petition has already been granted by the judicial counsel. The case has now been assigned to a superior court judge, let's say in Sonoma County, and now the parties are before the coordination judge in Santa Rosa, and the judge says, I know that you asked for coordination solely for pretrial proceedings, but it just makes sense to me for coordination of judicial resources and avoiding inconsistent rulings based on all the issues that are at play in this litigation that I hang on to it all the way through trial. Does the judge have that authority once the petition is granted? Absolutely he has that authority. The statute provides him with that express authority, and the rules mandate that he be in charge of that case for all purposes. I agree he has that authority. The question is, what if they only propose pretrial coordination? You keep telling me that's a defective petition. I don't know, I don't see any California cases that say that's a defective petition. And even if it is, does it matter? The question is only under the statute would they propose. We need to give district judges a rule they can follow, not one that balances things and requires interpretation of nuances. What's the rule that you would give the district court? Well, in all of the other States that we've been in. Now, what's the rule that you would give the district court? Tell me the rule. I think the rule is, in California, if you propose coordination for all purposes under 404, that is a proposal for coordination through the trial. That is the per se rule. And I understood your answer to Judge Murguia's question to be that you're not necessarily relying on a per se rule. So now it seems like you're shifting. No. I think that's the per se rule, and I think that would be the rule I would endorse. But I think the court could take a slightly less rigorous rule and say in the situation where the petition is at war with the statute and the rules, then maybe we're going to give more credence to the petition. I don't think that's the proper rule, but I think even if the court took that approach, this petition would still be removable because this petition clearly speaks to issues that are for a joint trial. Counsel, it seems to me that you're leaving out an element of the Federal statute. It isn't enough that it be proposed to be tried jointly. It has to be proposed to be tried jointly on the ground that the plaintiff's claims involve common questions of law or fact, which makes it analogous to a typical class action question. So why isn't the appropriate rule that the particular petition, regardless of what state it comes from, requests coordination or consolidation for all purposes or for trial because of common questions of law or fact? Why isn't that just the simple answer, regardless of the niceties of California practice? I think that would also be a fine ---- I'm sorry. I missed a simple rule. I'm sorry. Let me try. No. Without having to parse the particulars of the state statute or rule, look at the petition for consolidation, coordination, jointness, whatever it happens to be called. If it covers either all purposes or specifically covers trial, and the reason is that the plaintiff's claims involve common questions of law or fact, why isn't that just the end of the inquiry? If it does that, it falls within the definition. And if it doesn't, for whatever reason, it doesn't. I think in California, Your Honor, under 404, that's correct. And that's ---- And what happens when you apply that here? When you apply that here, you, number one, they are invoking 404 and they are expressly saying they want this coordinated for all purposes. Number two, they are expressing what all of the common questions of law and fact are, and they are saying we want the coordination to have consistency in these issues as they go through the trial, not just for discovery, not just for pretrial, not just for summary judgment, but even for things that require an actual trial, like punitive damages. Sir, there's an oddity in the wording of the exceptions in subsection little two, where it's the exception is not written in terms of proposals. The exception is the claims have been consolidated or coordinated solely for pretrial proceedings. So how do we accommodate that? This never ---- suppose if this case had gotten to a coordination judge and he had taken a look at it and said, oh, you know what, I'm just going to coordinate this for pretrial purposes, even no matter what was asked, I gather the exception would apply, right? Not if the case had already been removed. Well, I understand that, but I suppose it was, you know, day two and you haven't gotten around to filing the petition yet. That is ---- And he said, I'm only going to consolidate this for pretrial purposes. That's correct, Judge Beresan. So the petition is not totally controlling? Well, the petition is controlling except in this one proviso where Congress has said in the event that there's actually a determination before the time for removal that it is only going to be coordinated or consolidated for pretrial, then it is not removable. But in that instance, if you have a petition like this, which is not expressly for purposes of trial, and a possibility under State law that it ---- that the State court could do that, why wouldn't it make more sense to at least wait for a ruling from the judge about whether he's going to do that? Because that's a situation that happens even if you filed with 101 plaintiffs in one case. It's possible, obviously, that the trial judge could say I'm not going to try these cases jointly, I'm going to have them separately. They're 101 plaintiffs, it's unmanageable, but it still is a removable case because of the proposal. We understand that lots of different things can ---- But there isn't an exception to the 101, right? Correct. But the exception isn't triggered in your hypothetical at the time of removal. If the exception were triggered at the time of removal, then there's no question it would be accepted. But the other thing we learned from this exception is that Congress recognized that there were going to be attempts to coordinate and to consolidate. And they expressly said when coordination or consolidation has been effectuated just in this narrow category, it's not removable. Is the order granting ---- I have a petition, but I don't have the order granting coordination. Is it in the excerpts? I believe it's in the record, Your Honor, and it's ---- I'm actually not asking for your belief. I actually have a number. It is not in the ---- it's not in the record, Your Honor. It's not in the record at all? Not just the excerpts? It's not at all in the record? The actual order of coordination, I don't ---- is not in the record, as I understand. Is this a guess as to what it actually orders? Well, I can certainly represent that it's the same language that California always uses under 404. What is that language? The language is that the case is coordinated for all purposes. And then under the rules on 3.540 ---- Well, presumably we can take judicial notice of it. You will file a copy of it before the sun sets in the West. Yes, Your Honor. I mean, I don't know if anybody else is interested, but I am, so we'd like to see a copy. Absolutely. If I may, I'll reserve my time now. Okay. We'll hear from the other side. May it please the Court, Louis Bograd for the Plaintiffs' Appellees. Defendants argue from a false premise to reach an incorrect result. They want this Court to believe that a petition for coordination under California Civil Procedure Code section 404 is a proposal that the claims of plaintiffs and the coordinated actions be tried jointly. It is not. California law ---- It seems to say it is. It does cite the language of the statute. I have a petition right here, and it cites this language. It says it's appropriate for consolidation or, I'm sorry, coordination. And then it says it cites the language of the statute, 404-1. That's ---- Which seems to be all that's required in the Federal law. Well, I disagree, Your Honor. And I think it's important to understand that at least under California Civil Procedure Code, coordination and consolidation are two different procedures. We get that. I think we do get it. We may use the words in the change, but I don't think anybody is confused. But it does certify, it does say here, it does, the petition does say, we believe coordination is appropriate and cites the language of the statute and talks about convenience of witnesses, you know, talks about time, talks about the whole thing. It does say that that is, those are the reasons why this is appropriate under the statute. It's why coordination is appropriate, Your Honor. I don't dispute that. So why isn't that the end of the case for you? Because ---- Why isn't that it? Because coordination is not a proposal for the cases we tried jointly. If you take it there and the judge says, I'm going to tie these cases all together, there's nothing you can say, oh, we didn't ask for it, we can't do it. Well, that is correct, Your Honor. Because you've already said it's appropriate for that purpose. Well, we said it's appropriate. The coordination procedure under 404 is, I think the best analogy that most of us are familiar with, is a related case procedure. This is a way of saying to the court, here are a bunch of cases that have, that raise common questions of law and fact, and therefore it is, makes sense to put them all in front of the same judge so that that judge can manage the case. Well, but that requires much less. I'm sorry. Go ahead. It makes sense, and it was your choice to do that. But it appears to me that once a plaintiff files a proposal or a petition requesting that one judge hear all the actions for all purposes, and the basis of that is that the claims involve common questions of law or fact, that meets the definition in the federal statute for a mass action. And it seems to me maybe that's an overly simple way to look at it, but class action, which is also removable, rests on the pleadings and what the plaintiff has filed. Whether they prove it or not at that point is irrelevant. And similarly here, once you have filed this pleading that appears to meet the criteria of the statute, again, whether it ultimately results in the trial or it's settled or something else happens to it, I don't understand why that matters. Your Honor, it doesn't, that doesn't matter. What matters is whether plaintiffs have proposed that the claims be tried jointly. Which all comes back to whether asking that all the actions be heard by one judge for all purposes counts. Yes, but we've asked that all the actions be heard by one judge for all purposes. We've not asked that the actions be heard together as a single case. It's a critical issue. It's for all purposes. All purposes means discovery. It means pre-trial motions. It means motions in limine. It means trial. It means selection of juries. It means pre-trial, post-trial proceedings. It means collection. It means appeal. I agree, Your Honor. All purposes. Yes, we are, we have asked that all of these cases be transferred to a single judge for all purposes. All purposes. We have not asked. And does that judge have the power? I think Judge Kaczynski asked you this. That judge would have the power under that language to conduct joint trials, would he not? That judge would, in theory, have the power to order a joint trial, yes. And you would not be able to say, hey, wait a minute, I didn't ask you not to conduct joint trials, because you asked for all purposes. It would be essentially, the procedure would be essentially the same procedure that we have under Federal Rule 42, where plaintiffs can, where the judge can sui sponte or plaintiffs can move for consolidation. Right. But you empowered him to do that by asking for coordination. Right. I mean, it's subject to abuse of discretion and whatever. So let me ask the question I asked your opponent. What if you filed a petition that simply said the statute has this all purposes language in it, but judge, this is only appropriate for coordination for pretrial purposes, and we are not proposing that you try it together? Could you have done that? Your Honor, I don't know if we could have done it. But you didn't. We did not. We quoted the language of the report. But now you're saying that's what you meant, right? Well, no, I'm not. I'm actually not saying that's what we meant. Well, what did you mean? Did you mean to just say we don't care if they're tried together, or did you mean to disclaim them being tried together? No. Your Honor, my position, our position is that this is a two-stage process. What we had when we filed the petition were a number of cases all over the State of California in different courtrooms. We asked for the benefits of efficient case management, that all those cases be placed in the same courtroom before the same judge. For all purposes? For all yes. Okay. Now, my question is, did you want them to be tried together? No, we did not, Your Honor. Then why didn't you say so? Because the issue of joint trial was not being considered on the petition for coordination. Well, except that's my question. Could you have said that? I guess my question is on the issue. I don't know if we could have said it, Your Honor. You could have said it, and the consequences would have been denied. Perhaps. You said what you had to say in order to succeed in your motion. Right. Well, I don't know, Your Honor, because as far as I know, no one has filed a motion. I don't know of any case where anybody in California under these procedures has said, I want coordination for not all purposes, but for some purposes, only trial and pretrial procedures, but not trial, and then had it granted by the judicial counsel. I am not aware of such a case, Your Honor. Are you aware of any cases on the other side, Michael? No, no. I mean, I think typically what happens is exactly what happened here. I mean, this is a pretty bare-bones petition. We essentially said no. It talks about settlement. I mean, no, it talks about a lot more stuff. It says you're hoping at the very end when this is done, you hope to have no trial at all. It will end your most mass class actions and mass tort actions is you want a settlement. You know, that's really the ultimate end. Right, perhaps. This gives you the leverage of having all these cases together so you can leverage a good settlement, right? I mean, all the cases exist regardless, Your Honor, but by putting them all in front of one judge, we do allow for collective, both the judge and the parties to consider them. You don't ever expect these cases to go back to Pine, to, you know, Orange County or wherever, right? No. As we very candidly revealed in response and on our reply in the motion to remand, ideally what would probably happen is there would ultimately be a few bellwether trials that would provide guidance to everyone about whether these cases had value and what that meant. Before, if I understand, you know, the big picture here, this complaint was filed in state court, what, two years ago? Something like that, yes, Your Honor. No answer filed yet? No. It's been two years fighting over whether it would be a state or federal court. What is the disadvantage to you to be in federal court? There is no particular disadvantage just to being in federal court, Your Honor. Then why two years of fighting about it? Well, why are they fighting about it, Your Honor? What's their disadvantage? They're the defendants. They're probably not in a hurry to get to judgment. You're the plaintiff. Your client presumably wants to recover something. Why has it been worth two years? Normally remand is not an appealable order. So we, you know, we filed motions for remand. They were granted in 35 separate courtrooms. Well, at least at some point along the way you could decide it wasn't worth the fight, and yet that hasn't been the plaintiff's decision. And I should just share the curiosity, and then I'd speak to the result of this case, but I can't figure out why we get so many fights over where as opposed to what or substance. It's a fair question, Your Honor. I mean, it is certainly fair to acknowledge that in the federal MDL in these cases, plaintiffs have not met with a great deal of success, but we have the option under CAFA of preventing. We get the sense you don't like us. We're not eager for more business. We like you just fine, Your Honor. We also get the sense that the district judges don't like to hear these cases and are sending them all back. The McGann case made clear that the district court, the trial court could consolidate just for pretrial purposes, right? Yes. So why would there be a problem in asking the trial court to do what it's allowed to do? Oh, there would be no problem with our asking that, Your Honor. But you said you didn't know if you could file a petition. The question was concerned the petition. The petition is not made to the coordination judge. The petition is filed with the judicial counsel. Well, I understand that. But it would be an awfully artificial system, which would say where you can't you have to hide the ball until you get to the coordination judge. I don't disagree, Your Honor. And, you know, and if the upshot of this appeal is a ruling that says we need to specifically include the phrase only for pretrial in our petition for coordination, I can assure you plaintiffs will start including that phrase in their petitions. Counsel, let me ask you something I asked opposing counsel. I want to understand if you have the same view, and that is, is there any requirement under California law that you seek coordination, or was this purely voluntary? This was voluntary, Your Honor. It was the court can do it on its own initiative. But that's not what happened. But, no, but we, no, plaintiffs perceived a benefit to coordinated pretrial proceedings. I mean, we perceived that there would be a benefit to having one judge render discovery rulings, rule on dispositive motions and the like. And you agree with the answer given by opposing counsel that any of these rulings would be binding throughout the cases, even if they were sent back to other courts of trial? Your Honor, I think you correctly noted the law of the case doctrine. I mean, I think that would be the test. Well, the law of the case doctrine is somewhat flexible, and judges can change their minds. But I'm wondering, is there a specific law in California what happens if you have consolidated action like this and it goes back? No, there is. I'm not aware of any provision that speaks to that question, Your Honor. I mean, obviously, judges will be predisposed to honor the prior rulings of the coordination judge in the case. But, you know, where a judge enters the case. And the case then goes back to Sonoma or Alpine County or wherever for trial, the judge can say, well, I'm going to disregard that ruling. I'm going to apply the six-factor test of law of the case. And that would be possible. I think that's probably right, Your Honor. I'm not aware of any case where that's happened. It would sort of defeat the coordination procedure, wouldn't it? Well, I mean, the law of the case doctrine by its nature says that in the vast majority of cases, once an issue is decided, we're not going to go and revisit it. But there may be circumstances in which we'll come to the, you know, maybe there's an intervening Supreme Court case that changes that. And does California suppose, you know, and you may not know the answer to this. I don't know off the top of my head, but all the ins and outs of the law of the case doctrine. Does California follow the case law of the case doctrine more or less like Federal law? I believe so, Your Honor. But I would not want to represent that I have thought that question through. Fair enough. So does this whole case come down to a kind of plain words issue and on what side are the plain words in the petition? I mean, that is, does everything turn to the fact that you did say we want, specifically we want to consolidate it for trial? Because if you did, you would agree. If you had said that as an abit, for example, then it would come out the other way, right? And the other side, and on the other hand, you didn't, also didn't say we want to consolidate it just for pretrial purposes. I, I, I. So the question is, if you say neither, what happens? Well, I, I think if we say neither and we file a motion for coordination, we win. If we say neither but file a motion under 1048A to consolidate cases for trial, we lose. You know, I mean, because that's, because that's the California procedure that creates joint trials. And I think it's, and I think it's important to note. Well, that's the procedure for a joint case, right? Isn't that your other point? You're not, you haven't requested a joint case. Exactly, Your Honor. That we say these cases remain separate, independent cases. I mean, these cases happen to have been filed with, by groups of plaintiffs. But this could have been 1,500 separate lawsuits by 1,500 separate plaintiffs, each of whom sued completely individually. Well, and I'm, I'm not trying to be difficult. It's, it strikes me that, as I understand it, please correct me if I'm wrong, that that is the difference between the coordinated rule and the, and the rule for consolidating cases. That's exactly the difference, Your Honor, and that's the difference that I think is critical here, because cases that have been joined together, this is what this Court said in Vicendi, this is what the Seventh Circuit said in Bullard, you know, if you've got 100 plaintiffs together in a single legal proceeding, the assumption is you're going to have a single trial with more than 100 plaintiffs. But if you've got separate cases that have not been joined, as in Tano, then the, then you've got separate cases that where the presumptions, they won't be tied together. So it's a basic position that what you've done here is ask that it be consolidated for a foreign judge to make a coordinated, I'm sorry, to make a decision. And the decision whether to have the single trial is going to be up to the judge, and you're not. So you haven't asked him to do that. Rosenkranz. Right. In fact, there's a little passage in the Corral decision from the Seventh Circuit that Judge Posner wrote where there's a little back and forth about whether the, whether the issue of joint trial could, that you have to make the proposal for joint trial to the court that is in a position to act on it. You know, ultimately, the person who makes the decision about joint trial in the case is the coordination judge who gets appointed after. But you've already bound yourself by making the representation that this is being sent for all purposes. No, Your Honor. That's, that's what we have not done, and that's the point that Judge Kristin. Why don't you explain that? Well, that's the point. I was, I was reacting to the answer you gave to Judge Kristin. I think it's, I think it's precisely the point. You said in your petition, you said one hearing, one judge hearing all the actions for all purposes in a selected site or sites that promote the ends of justice. It's very hard at that point when, let's say, the other side of the judge says, okay, we're now going to have a joint trial, or we're going to have a bellwether trial, or a series of bellwether trials for you to say, oh, no, no, no, I, we want to go back to Alpine County, and they'll say, but wait a minute, you, you are judicially bound. You, you understand, you understand the concept of judicial estoppel? I, I do, Your Honor. But I, I, And I assume judicial estoppel applies in state court the same way. So far as I know. You make a presentation to a court, the court acts on it, you are then. And bound to buy it unless. And, and my representation to the court was that the efficient resolution of these multiple lawsuits will be advanced by transferring all of these multiple lawsuits to a single jurist. For all purposes. Who, who can, who can manage them collectively. It's not, it's not what you actually said. What you said is, what you said, one judge hearing all of the actions for all purposes. Yes, Your Honor. Will promote the ends of justice, taking into account whether common questions, so on. I, I agree, Your Honor. We, we, the cases are being transferred to a single judge for all purposes. That does not have the effect of joining them for trial. In fact, let me draw your attention. You don't have to join them for trial. You only do this to propose, but we haven't proposed that they be tried together. We propose. But after they're coordinated, is the default that someone has to file a motion to have them tried separately? No, Your Honor, it's not. In fact, in fact. Is the default that somebody has to file a motion to have them tried jointly? That's what I'm trying to get at. I know. And let's, let me, let me direct you. We cite this in our, in our supplemental brief. Okay. Let me direct you to, to Code of Civil Procedure Provision 403. Okay. And the difference between 403 and 404 is that 403 governs non-complex cases. Okay. Whereas 404 governs complex cases. Code of Procedure 403 says that you, that the court, that after you file a petition for coordination, the coordination court may order the cases consolidated for trial pursuant to section 1048 without any further motion or hearing. 10, 404 does not contain that law. Well, but how does that cut? Well, it cuts. It seems 404 doesn't contain that, but McGann says the judge has the power to do that. Correct? The judge can, without a motion, in a 404 proceeding, order a joint trial. Correct or incorrect? Well, I don't know if he can do it without a, without a motion. McGann says so. McGann and Pease both say the judge has extraordinary powers, including trying the cases together. And I think we're talking about a substantive versus a procedural question. I think the 403, 403 says the judge also has the power, the judge has the power to order that separate issues be tried separately. That's an order, that's something he has to do affirmatively. He must order that separate issues be tried separately. You're talking about 1048B? No, I'm talking about, I'm talking about subsection 3. Is it in 1048 or is it in 404? It's either in the reg or in the statute, but you don't know. Oh, it's in the reg. It's in the reg. You know the provision that says the judge can order that separate issues be tried separately. Right. If there's an express provision telling a judge that when he wants to try things separately, he has to so order, isn't the default that they're tried together? Well, I don't know. Otherwise, why would he need to enter that? Right. I want to say yes and no. Tell me why.  I mean, the default is that if we, I mean, the default assumption, I'm sorry, Judge Posner said this in Corral, the default assumption is one complaint, one trial, that's it. The default assumption, yes, is if you file a lawsuit, that you're going to have one trial that resolves all the issues in that lawsuit. What that provision of 3.541 allows the judge to do is say, no, wait a second. I think the critical issue here, particularly given that we have lots of lawsuits, is going to be this question about whether we're going to let experts testify or something, so I'm going to address that issue separately, or we're going to have a separate trial on. It's kind of strange language. It says the judge may order that separate issues be tried separately. That does seem to envision in some way that in the absence of such orders, separate issues will be tried together. Separate issue, yeah, all the separate issues in one lawsuit will be tried together. It's just that you have the same, I believe you have the same logic in Federal Rule 42. Sure, but that's, so does California. California allows any single judge to separate out issues. This is in the coordinated proceedings provisions, and it says if you want to try separate issues separately, you have to so order. To me, that, maybe I'm wrong, but it seems to suggest a default that we expect you're going to try issues together, but if you want to try them separately, you can so order. And where I'm agreeing with you is that you expect that you'll have a single trial, but that case, that Ms. Romo's case will be tried in its entirety, and that you need a separate order to not try Ms. Romo's case in its entirety, but it does not start from the assumption that Ms. Romo's case will be tried with Mr. Korber's case or any of these other cases, that that assumption is that that joinder of these cases that are currently now placed before the same judge, just like in a related case proceeding, requires an action by the court under 1048 to join the cases for trial. Counsel, I have one more question about the Federal statute and how to interpret it. The portion defining mass action, we've been talking about what it means to propose to be tried jointly on a particular ground, and then the exceptions that follow exclude a situation in which the claims of the 100 or more plaintiffs have been consolidated or coordinated solely for pretrial proceedings. And reading those two sections together, doesn't that suggest that the proposal to try jointly can cover either consolidation or coordination for trial if it is beyond pretrial proceedings? I think, Your Honor, the fact is that different States use the terms coordination and consolidation differently and somewhat interchangeably. So, yes, the statute uses both words. I don't agree. But they do mean, I think, commonly two different things. Consolidation means it becomes one case. Coordination suggests that it isn't just one case, but it's being treated in some fashion together. Agreed. So why doesn't that suggest that the proposal to try jointly need not be a consolidation proposal, but it's sufficient for it to be a coordination proposal? Well, Your Honor, the you're reading from the exception. I'm reading it all together, which is what we're supposed to do, to try to understand what Congress was getting at. And I think what they're getting at is not allowing artful pleading to get in the way of their main goal, which was to take what otherwise might be class actions or something very, very similar, and putting it in Federal court. Whether we agree or disagree with that as a policy matter seems irrelevant. Well, Your Honor, I think you are correct as far as class actions are concerned. And, in fact, if one looks at what the Supreme Court said just a couple of months ago in the Hood case, Mississippi-Xrel-Hood v. AU Optronics, the Court said that the CAFA was primarily the Congress's overriding concern had to do with class actions. These are not class actions. These are not cases that would ever be tried as a class action. That the class action provision. No, but it's the same idea, because it requires that the whole point of it is that the plaintiff's claims involve common questions of law or fact, and there are a large number of plaintiffs making those claims. And there's a proposal that they be tried jointly, whatever that turns out to mean. But I think if we read that whole section together, it suggests, at least to me, that coordination is a form of joint trial for purposes of understanding this statute. Well, except that coordination, except that it's not because of the exception that makes clear that pretrial coordination doesn't count. I think it's a. Right. But that's, we're back to the start where that's not what you asked for. But let me go back to Hood for a second, because I think it's important to understand where the mass action provision came from. There was a case in West Virginia in which the West Virginia state courts tried the claims of 4,500 asbestos plaintiffs together in one case. One courtroom, I don't know how they did it, but there were 4,500 claims formally adjudicated in a single trial. It wasn't a class action. Like, all 4,500 plaintiffs' names were on the complaint somehow. That was the singular example that Congress kept pointing to and saying, this is what we are trying to prevent. As the Supreme Court said in Hood, the mass action provision functions largely as a backstop to ensure that CAFA's relaxed jurisdictional rules for class actions cannot be evaded by a suit that names a host of plaintiffs rather than using the class device. Now, contrast that with what we have here. What we have here are different plaintiffs with related claims, because they were all injured by the same drug, but each with different sets of facts. These are cases that have never been litigated through class actions. These are cases, this is what the MDL process in federal court was designed for, cases where there are some common questions, where the common questions should be addressed commonly, and then where we ultimately are going to end up with a bellwether process. Well, it's more than happenstance, because your motion also asserts that the common questions of law or fact predominate. Yes. Which is very similar to the standard for a class action. The alternative, if we were to disagree with you, is that in the State of California, you presumably could not make such a coordination motion because you would then be asking for a joint trial sort of inherently. You could trial this other thing of saying we don't want a joint trial, but nobody seems to know whether that would work. And so the State courts in California would, what, they would be stuck with a whole bunch of uncoordinated cases? They would have no way to coordinate cases. But they could do it through a sponsor. And they could do it. Well, that raises the question which this Court left open in Tano of whether a joint trial ordered by the court counts, triggers CAFA, which I'm sure would be the next motion we'd see from Defendants. In California, if you're unhappy with that, could amend the statute and say you can you could follow a Federal scheme. They could do that. A Federal scheme is something that is like the Federal system. Clearly, opposing counsel has conceded, would not result in a. In fact, they wouldn't have to amend the statute. They could amend the rule. Well, I think the statute says, contains the words for all purposes in 401 and 4.1. But then they said the rule can supervene the statute, as I understand it. So that could be done by the judicial counsel, whatever the process they have for amending the rule. Whether that would be the case or whether we would need a new statute, I'm not sure, Your Honor. But, yes, that would obviously be the next step. But in any event, if this resulted in a dissatisfaction with the interaction of State and Federal law, this is pursuant to Judge Berzon's questions, the solution would be they would go back and change the law and say, oh, well, in that case we will authorize plaintiffs to just ask for coordination for pretrial purposes and for no other purposes. And likewise, Your Honor, if you were to accept my premise that the trigger for CAFA mass action under California law is a motion under Rule 1048 for a joint trial, defendants of California courts would be welcome to consider changing the rule if they want to get rid of these cases and send them to Federal court. I'd like to focus on the other one. Kennedy. Well, but it's not their rule that matters. At that point, you'd be asking Congress to change its rule, the statute. Well, they, you know, they could change the rule. Because this is a Federal intervention in State proceedings. Agreed. And if the result is that what happens here somehow interferes with what the State wants to do, it can change the rule. It can say you can, as a plaintiff, you don't have to play this game of saying for all purposes, but we don't really mean it. We really don't.  I mean, there's always this. You could just say you could just ask for pretrial purposes only. There's always this sort of give or take. But I think I'd like to focus on one last point in my limited time remaining, which has to do with the issue of bellwether trials. Because I think even defendants concede that this is not a case that's ever going to be tried jointly, you know, where 100 plaintiffs' claims are going to be litigated. So the question is, what is a joint trial if not a trial with 100 plaintiffs before the Court? We agree that where a case is bought would be binding on more than 100 plaintiffs, that that would be a joint trial, even if there's – even if it's done in some sort of procedural mechanism. But the fact is bellwether cases are not binding on anyone other than the parties to the bellwether trial itself. But they are binding on the defendant. Not at some point. At some point, California recognizes this notion of non-mutuality. If one – you try seven cases and you win them all, you win the eighth one without trying. In theory, you might get to offensive collateral estoppel in that kind of circumstance. But that would be for whether you had consolidation or not. That would be two of the same. And that – and frankly, that almost never – we almost never get to that phase. But, I mean, the Supreme Court has said explicitly that you can't bind the absent parties. But you can't bind the plaintiff, but you could bind the defendant. No, but also remember, Your Honor, that here we've got 40 or 50 defendants, because different plaintiffs took generic versions of propoxy made by different defendants. So you can't bind the absent defendants either. The – these – you know, a bellwether trial serves a very useful purpose to educate all of the lawyers and all of the parties about how a lay jury is going to value this case and how certain legal rulings are going to get made. But it's not a binding ruling. And I think – But you could have that without having filed a petition for coordination. Absolutely. You could have had a bellwether trial in Sonoma County or Alpine County or – If you could figure out a way to get all the – all of the judges and parties to agree that they were going to – that they were going to treat that as a bellwether trial. But, yeah, I – you could. My point is it's very odd to talk about a circumstance where everyone agrees that this case – that these cases are never going to end up in front of – in a single courtroom where we're going to adjudicate the claims of more than 100 plaintiffs at the same time, or that we will render any sort of judgment that will be binding on more than 100 plaintiffs, and yet defendants tell you that we have proposed a joint trial, which is defined as a proposal that the claims of 100 plaintiffs be tried jointly. Thank you. Thank you. I believe you had 3 minutes and 24 seconds. It's all yours. Thank you, Chief Judge Kaczynski. I think Chief Judge Kaczynski and Judge Graber framed the issue precisely right when you spoke about how this petition, framed against the backdrop of the language and the terms of Rule 404, require removal. And, again, the language of the petition here was not merely the formal invocation of 404. It recognized very specific factors that they said justified trying the case jointly, coordinating through trial. I think – Trying the case jointly, are those your words? Those are my words, and the words are implicit, though, in the specific form of relief and the rationale that they're provided. Are you disregarding the other language in the proposal? There were many other words that were in there that talked about discovery and pretrial issues. Do we disregard those words? No, but, Your Honor, if the petition had said five factors – discovery, experts, summary judgment, and joint trial, everybody would agree. They proposed a joint trial. The fact that they're – They say that. But what – correct. But what they specifically said, both because they said for all purposes, that encompasses a trial, and we know that under Vicende, even if it ultimately doesn't happen – Well, it doesn't necessarily – just a minute. It doesn't necessarily encompass a joint trial. In other words, the single judge could have a bunch of different trials. He would be coordinating them for all purposes. Why does it involve a joint trial? Because in order to assure that you have uniformity, lack of inconsistency on the issues and the claims that are going to go through trial, there has to be a binding impact. There has to be a jointness. True, it doesn't have to be everybody here in Sase-Cofield trying the case all at one time. But the judge, they are requesting – and, again, the focus is – you could either decide it based on the rule itself in California and say, to the extent people think it's unfair, leave it to the Judicial Council or the legislature to change it, or you could decide it based on the specific language of the proposal. But either way, it seems to me that what this request is saying is the issues that we're concerned about go well beyond pretrial. They go through issues that are necessarily trial issues, like punitive damages. And I think Judge Graber correctly pointed out that the statute talks about coordination, not just consolidation, obviously. And I think Judge Hurwitz properly pointed out that the default here, once you have invoked and proposed coordination under 404, the default is that these issues will, in fact, be tried jointly. And obviously, the judge has the power to then decide some of these issues separately. And of course, the judge may decide to try some of the claims, some of the issues in this case. For example, the science issue. Can propoxyphene cause a particular type of injury? If that was a joint trial on that claim, and these are the kinds of things that happen in state court, that would have enormous binding impact on all of these cases. Again, we have a case here with one defendant from California and very few plaintiffs in California. They could have availed themselves of different state regimes where they had different alternatives for coordination. California really only provides this one alternative. Okay. The Court has no further questions. Thank you. Thank you. The case has now been submitted.
judges: KOZINSKI, SILVERMAN, GRABER, GOULD, BERZON, TALLMAN, RAWLINSON, CLIFTON, MURGUIA, CHRISTEN, HURWITZ